IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

OREXIGEN THERAPEUTICS, INC.,

    Plaintiff;

v.

ACTAVIS LABORATORIES FL, INC.,

    Defendant.

Civil Action No. 1:15-cv-451-RGA

MEMORANDUM ORDER

Defendant has submitted a letter related to Defendant's new non-infringement defenses raised for the first time in the pre-trial order. (D.I. 130). In a Memorandum Order issued the same day Defendant submitted its letter, I found that "Defendant has waived the right to contest the following limitations of the asserted claims: (1) 'bupropion . . . effective to induce weight loss' ('626 and '111 patents); (2) 'naltrexone . . . effective to enhance the weight loss effect of the bupropion' ('626 and '111 patents); and (3) 'sustained release' ('111 and '195 patents)." (D.I. 129 at 5). This decision was based on the fact that Defendant had, prior to submitting the pre-trial order, failed to contest infringement of these limitations or allege failure of proof as to any of these limitations. (*Id.* at 4-5).

I have read Defendant's letter and all of the cases Defendant cites as support for its argument that Plaintiff should not be "relieved" of its burden to prove infringement. I am not persuaded.

As an initial matter, I note that Defendant is correct in pointing out that Plaintiff has the burden to prove infringement. This does not mean, however, that Defendant can propound new

theories of non-infringement or failure of proof on the eve of trial. Defendant's cases do not suggest otherwise. For example, in *Finjan*, the plaintiff moved for JMOL after a jury returned a verdict of noninfringment, arguing that the defendant had not challenged infringement at trial. *Finjan, Inc. v. Symantec Corp.*, 2013 WL 5302560, at *22 (D. Del. Sept. 19, 2013), *aff'd*, 577 F. App'x 999 (Fed. Cir. 2014). The court denied plaintiff's motion, noting that it was plaintiff's burden to prove infringement. *Id.* at *23. This case merely stands for the uncontroversial proposition that it is the patentee's burden to prove infringement. The case says nothing about whether a defendant can wait until the eve of trial to respond to Plaintiff's requests that Defendant describe the legal and factual bases for its noninfringement contentions.

I am equally unpersuaded by Defendant's citations to cases that purportedly support its position that interrogatory responses are not binding. In one case, the court noted that the party had timely supplemented its discovery response and further clarified, "This is not to say that [Plaintiff] can forever avoid summary judgment by amending its responses to defendants' interrogatories, but rather that [Plaintiff's] initial interrogatory responses are not binding at this stage." *Intellect Wireless, Inc. v. T-Mobile USA, Inc.*, 735 F. Supp. 2d 928, 937 (N.D. Ill. 2010). Here, Defendant never supplemented its interrogatory responses. Defendant cannot credibly argue that service of its portion of the pre-trial order constituted a good faith attempt to timely supplement its discovery responses. None of the additional cases cited by Defendant provide support for Defendant's position.

In essence, Defendant's position is that it can make discovery useless as a way to narrow down the disputed issues in a case. That position is inconsistent with the exhortations in the Federal Rules of Civil Procedure. For example, as a general matter, trial courts are supposed to administer the rules "to secure the just, speedy, and inexpensive determination" of the case. Fed.

2

R. Civ. P. 1. Trial courts may hold conferences for the purpose of "discouraging wasteful pretrial activities." Fed. R. Civ. P. 16(a)(1). The "scope of discovery" is supposed to be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). As identified in my earlier order, Defendant timely raised various non-infringement or "failure of proof" positions during the course of discovery. (D.I. 129 at 3-4). It could have put Plaintiff on notice that it was not conceding other specific infringement allegations. It did not. Thus, Defendant misled Plaintiff as to what the issues in the case were. Defendant does not offer any good reason for doing so. I do not consider Defendant's proffered reason, that is, that Plaintiff's experts made damaging admissions during deposition (D.I. 130 at 2-3 & n. 2) on what were then uncontested issues, as being a good reason, as Defendant's position is essentially that any narrowing of the case which it represents is occurring during the course of discovery is illusory.[1] I do not think this is correct. Thus, while I have considered the issues raised in Defendant's letter, I am not going to alter the Order of May 19, 2017 (D.I. 129).

Entered this 31 day of May, 2017.

Richard G. Andrews
United States District Judge

---

[1] For reasons that are properly unknown to me, Defendant replaced one set of well-regarded attorneys with a different set of well-regarded attorneys in March 2017 (compare D.I. 109 with D.I. 110), which was when expert depositions were about to take place. The second set of attorneys seems to have had major differences of opinion with the first set not only on Defendant's approach to infringement but also to invalidity. I have allowed the change in positions on invalidity, as I think the change could be allowed without any significant prejudice to Plaintiff. (See D.I. 129 at 3). The same is not the case in regard to infringement, as allowing Defendant to change its non-infringement theories at this late date would require Plaintiff to produce evidence it has not had a fair opportunity to fully develop in support of claim limitations it reasonably believed were not contested.

3